IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01341-KAS

BLUMENTHAL DISTRIBUTING, INC., a California corporation doing business as Office Star Products,

    Plaintiff,

v.

JEREMY BROAD, individually and as registrant of Samuelsonsa.com,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on **Plaintiff's Motion for Leave to Serve Defendant by Alternative Means** [#20] (the "Motion"). The Motion [#20] seeks the Court's authorization to serve Defendant by e-mail to topbitlittle2233@protonmail.com and josecpatterson@gmail.com. *Id*. at 5-6.

### I.  Background

    Plaintiff initiated this intellectual property suit in April 2025 after it discovered that Defendant allegedly sold counterfeited products through its website, SAMUELSONSA.COM (the "Website"). Since that time, Plaintiff remains unable to serve Defendant. Plaintiff first attempted to effectuate service at 306 West Depot Street, Marion, Kentucky 42064 (the "Kentucky Address"). *See Motion* [#20] at 2; *Motion to Expedite Discovery* [#12] at 3-4. Plaintiff discovered that the Kentucky Address was associated with the Website through information obtained from WHOIS. *Motion to Expedite*

*Discovery* [#12] at 3. However, two service attempts at the Kentucky Address revealed that another individual resided there and that individual had no knowledge of Defendant. *Id.* at 3-4. Plaintiff further maintains that it attempted to contact Defendant through the phone number and email address listed on the Website, but those efforts similarly failed. *Motion* [#20] at 2. With no other way to reach Defendant, Plaintiff sought relief from this Court requesting to conduct early third-party discovery on Name.com and Cloudfare, Inc. ("Cloudfare"). *See Motion to Expedite Discovery* [#12]. These entities are associated with the Website and were allegedly able to provide identifying information for Defendant. *See id.* at 4-5. The Court granted Plaintiff's request for expedited discovery, and Plaintiff subsequently served discovery on Name.com and Cloudfare. *See Order* [#18].

Plaintiff notes that Name.com, the Website's registrar of record, requires an account owner, such as Defendant, to regularly monitor that owner's email address or that owner "may lose [their] rights to the domain name[.]" *Motion* [#20] at 5. The discovery received from Name.com included the Website's account information. *Id.* at 4. This information identified the account owner as an individual named Cao Di, with a physical address of "nan guan qu da ma lu 1588hao zhang da xiao qu 11hao, Ji Lin, Chang Chun, China 130000." *Id.* The email address on file is topbitlittle@protonmail.com. *Id.* Plaintiff believes Cao Di and Defendant are the same person or perhaps working together. *Id.* When Plaintiff attempted to search the physical Chinese address above, no internet search results appeared. *Id.* at 5. In addition, Plaintiff translated the Chinese address and ran another search, which revealed that the address is associated with the company Jilin Ming Natural Resources Management Co., Ltd., which is an entity that does not appear to be associated with Defendant. *Id.* Plaintiff therefore believes the Chinese address is

2

either incomplete or incorrect. *Id.* Plaintiff has not attempted to serve the Chinese address. *Id.*

Similar to Name.com, Cloudfare also requires the account owner to verify the email address on file. *Id.* at 6. Plaintiff's review of Cloudfare's third party discovery revealed that the Cloudfare account information associated with the Website has an email address of josecpatterson@gmail.com. *Id.* No physical address was listed. *Id.* Plaintiff sent "test" emails to both topbitlittle@protonmail.com and josecpatterson@gmail.com and explains that the emails did not "bounce back," i.e., they were apparently delivered. *Id.* at 5-6. Plaintiff asks to serve Defendant at the emails listed above. *Id.* at 7. Plaintiff asserts that the two email addresses are likely monitored by Defendant because failure to maintain an up-to-date email address risks Defendant losing access to the Website. *Id.* at 6. Plaintiff further contends that service by email is likely the best method to provide Defendant with actual notice of the lawsuit. *Id.*

## II.  Legal Standard

A plaintiff bears the burden to serve a defendant and establish the validity of service of process. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Federal Rule of Civil Procedure 4 governs the analysis. With respect to serving a foreign individual, Rule 4(f) provides that, unless federal law provides otherwise, an individual in a foreign country may be served:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . .; or

3

> (3) by other means not prohibited by international agreement, as the court orders.

F<small>ED</small>. R. C<small>IV</small>. P. 4(f).

In general, Rule 4(f) "does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3)." *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-cv-00574-JNP, 2021 WL 11585915, at *7 (D. Utah Nov. 22, 2021); *Beijing QIYI Century Sci. & Tech. Co. v. Shenzhen QiYi Innovations Tech. Co.*, No. 18-cv-02360-RM-STV, 2018 WL 6589806, at *3 (D. Colo. Dec. 13, 2018). Thus, service of process pursuant to Rule 4(f)(3) "is neither a last resort nor extraordinary relief." *Garb Oil & Power Corp. v. Titan Int'l Secs., Inc.*, No. 2:17-cv-00762-PMW, 2018 WL 4401737, at *1 (D. Utah Sept. 14, 2018) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Importantly, however, "[p]rior to granting a motion to allow alternate service under Rule 4(f)(3), 'the court may require that plaintiff show that he made reasonable efforts to serve the defendant and that the court's intervention will avoid further unduly burdensome or futile efforts at service.'" *Whaleco, Inc. v. Izquierdo,* No. 23-cv-03257-PAB, 2023 WL 9051077, at *3 (D. Colo. Dec. 29, 2023) (quoting *Blumedia Inc. v. Sordid Ones BV*, No. 10-cv-01158-MSK-KLM, 2011 WL 42296, at *4 (D. Colo. Jan. 6, 2011)).

### III.  Analysis

Plaintiff asks the Court to authorize service on Defendant by email pursuant to Rule 4(f)(3) because the physical addresses Defendant provided to Name.com and Cloudfare are either incomplete or incorrect and cannot be used to effectuate service. *Motion* [#20] at 4. Plaintiff contends that courts in this District have authorized service by

4

email, especially in instances where the defendant operates an online e-commerce website, as is the case here. *Id.*

When a defendant resides in a foreign country, the Federal Rules permit service on an individual "by other means not prohibited by international agreement, as the court orders." *See* FED. R. CIV. P. 4(f)(3). The relevant inquiry for service under Rule 4(f)(3) is whether the proposed method (here, email) is prohibited by international agreement. *See Cricut, Inc. v. Shanghai Sishun E-Commerce Co.*, No. 2:24-cv-00747, 2025 WL 1333004, at *2 (D. Utah May 7, 2025). In addition, the proposed method of service must comply with notions of due process, namely, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950).

Plaintiff requests to serve Defendant pursuant to Fed. R. Civ. P. 4(f)(3) and contends that the Hague Convention is inapplicable because Defendant's whereabouts are unknown. *Motion* [#20] at 2. As such, the Court must first consider whether any agreements between the United States and China preclude service by email. China is a signatory to the Hague Convention. *See Deseret Book Co. v. Nanjing Lian Yidu Trading Co.*, No: 2:24-cv-00961-JNP, 2025 WL 252810, at *3 n.3 (D. Utah Jan. 21, 2025) (citing *HCCH Members*, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, https://www.hcch.net/en/states/hcch-members) (last visited Sept. 3, 2025); *Cricut, Inc.*, 2025 WL 1333004, at *2. The Hague Convention does not expressly prohibit service by email because, at the time of its drafting, email did not exist. *See Neck Hammock, Inc. v. Danezen.com*, No. 2:20-CV-287-DAK-DBP, 2020 WL 6364598, at *4 (D. Utah. Oct. 29,

2020). However, as other court decisions have pointed out, China has objected to Article 10(a) of the Hague Convention, which permits service "by postal channels, directly to persons abroad." *Id.* Many courts have concluded that a foreign country's objection to Article 10(a), however, "does not equate to an objection to email service." *Id.* Therefore, the Court concludes that, in general, service by email is not prohibited by the Hague Convention. *See Your True Nature, Inc. v. JF Show Store*, No. 23-cv-00107-CNS-NRN, 2023 WL 2355926, at *2 (D. Colo. Feb. 14, 2023) ("Prior courts have found that service via e-mail is not prohibited by international agreement and that service on Chinese defendants via e-mail is permissible under Rule 4(f)(3)."); *Cricut, Inc.*, 2025 WL 1333004, at *2 ("[S]ervice by email is not prohibited by international agreement."). The Court need not determine whether the Hague Convention applies because, even if it does, it is well established that service by email is not prohibited under it.

As mentioned, however, the decision to allow a plaintiff to serve a defendant by alternate means is a matter of discretion for the Court. *Blumedia Inc.*, 2011 WL 42296, at *4. As such, the Court may consider whether Plaintiff made "reasonable efforts to serve the defendant" before allowing alternate service. *Id.* (quoting *Malone v. Highway Star Logistics, Inc.*, No. 08-cv-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009)). Before delving into the due process considerations, the Court finds that Plaintiff has not made reasonable efforts to serve Defendant at the Chinese address. In fact, Plaintiff has made no effort to do so at all.

The Court first finds *Whaleco, Inc. v. Izquierdo* on point and instructive. There, the plaintiff sought to serve the defendant by email because it could not verify the defendant's physical address. *Whaleco, Inc.*, 2023 WL 9051077, at *1. The plaintiff uncovered a

physical address for the defendant in Madrid. *Id.* As is the case here, the plaintiff conducted internet searches of the Madrid address and discovered that it was linked to a residential building and appeared to have no connection to the defendant. *Id.* Therefore, the plaintiff did not attempt to effectuate service at the Madrid address and instead sought the court's permission to effectuate service by email. *Id.* The court, however, denied the request. *Id.* at 3. In doing so, the court emphasized that the plaintiff "made no attempt to serve the complaint and summons" in Madrid, but instead merely "describe[d] the results of internet searches regarding the address, which were not attempts at service and which, in any event, were inconclusive." *Id.* The court ultimately required the plaintiff to attempt to serve the defendant at the Madrid address before seeking authorization of alternative service. *Id.*

Similarly, in *Blumedia Inc. v. Sordid Ones BV*, the court denied a request to authorize service by email. There, the plaintiff obtained two physical addresses for the defendant, one in California and another in the Netherlands. *Blumedia Inc.*, 2011 WL 42296, at *1-2. While the plaintiff attempted to effectuate service at the California address, it did not attempt to do so at the Netherlands address. *Id.* The plaintiff argued that the Netherlands address was "false" because mail previously sent to it was returned on one occasion. *Id.* at *2. The court first acknowledged that when a method of alternate service is not prohibited by international agreement, it is within the court's discretion to permit an alternate method of service. *Id.* at 4. In its analysis, the court recognized that "[a]lthough allowing alternate service of process under Rule 4(f)(3) 'is neither a last resort nor extraordinary relief,' . . . under the circumstances of this case, requiring [the plaintiff] to first attempt service pursuant to the [Hague] Convention's central authority procedure is

7

appropriate." *Id.* at 4. Ultimately, the court reasoned that it was "reasonable to require [the plaintiff] to attempt to effect service pursuant to Fed. R. Civ. P. 4(f)(1) and the [Hague] Convention central authority procedures before seeking authorization for alternate service" because "authorities in the Netherlands may have information about [the] [d]efendants that can be used to effect traditional service." *Id.*

Here, while Plaintiff claims that Defendant's Chinese address is either incomplete or incorrect, Plaintiff has made no effort to serve Defendant at the Chinese address. Rather, Plaintiff contends the Chinese address is incomplete and/or incorrect solely based on its internet searches. Thus, like the plaintiff in *Whaleco*, Plaintiff has merely "describe[d] the results of internet searches regarding the address." *Whaleco*, 2023 WL 9051077, at *3. This is not an attempt of service. Accordingly, the Court finds that Plaintiff must first attempt to effectuate service at the Chinese address before seeking authorization for alternate service.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#20] is **DENIED without prejudice**. Plaintiff must attempt to effectuate service on Defendant at the physical Chinese address before pursuing alternate service. To the extent that Plaintiff remains unsuccessful, Plaintiff may file an Amended Motion for Alternate Service.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for September 25, 2025, at 10:00 a.m. is **VACATED.**

Dated: September 3, 2025                             BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge